UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenny Green,	Case No. 3:21-cv-2005

   Plaintiff,

v.	MEMORANDUM OPINION
  AND ORDER

Contract Callers, Inc.,

   Defendant.

## I. INTRODUCTION

On September 21, 2021, Plaintiff Kenny Green filed a *pro se* complaint in the Toledo, Ohio Municipal Court, claiming Defendant Contract Callers, Inc., failed to adequately investigate allegedly inaccurate information provided to the three credit bureaus and also failed to properly credit payments on Green's account. (Doc. No. 1-4). Defendants timely removed the case to this Court, (Doc. No. 1), and moves to dismiss Green's complaint for failure to state a claim upon which relief may be granted. (Doc. No. 7). Green did not respond to Defendant's motion to dismiss, and the deadline for doing so has expired. For the reasons stated below, I grant Defendant's motion to dismiss.

## II. BACKGROUND

In his *pro se* complaint, Green alleges as follows:

CONTRACT CALLERS INC failed to adequately investigate on multiple occasions inaccurate information reported to Experian, Equifax and Transunion after requesting the removal of account in question. Lastly, proof of accounting error was provided from previous account holder that resulted in the account being adjusted

>with credits and admission and mistake of improper collection action due to errors. CONTRACT CALLERS INC['s] illegal actions damaged my credit profile and the pursuit of credit with other institutions. I request judgement in the amount of $6,000 and removal of account from my credit profile.

(Doc. No. 1-4 at 1).

Defendant removed the case to this Court based upon federal question jurisdiction, as the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, governs Green's allegations. (Doc. No. 1 at 1).

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV. ANALYSIS

Defendant argues Green's complaint must be dismissed because he has no private right of action under §1681s-2(a) and he has failed to allege sufficient facts to state a claim under § 1681s-2(b). (Doc. No. 7 at 4-6).

Because he failed to respond to Defendant's arguments despite having been served with copies of the motion in a manner consistent with the Federal Rules of Civil Procedure, I deem Green to have waived opposition to the motion. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir. 1989) (unpublished table decision). While *pro se* pleadings must be "liberally construed" and "held to less stringent standards

2

than the formal pleadings prepared by attorneys," *Bridge v. Ocwen Federal Bank FSB*, 681 F.3d 355, 358 (6th Cir. 2012), Green fails to allege sufficient facts to state a plausible claim for relief.

As Defendant contends, Green's allegations imply that Defendant is a furnisher of credit information under the FCRA and that Defendant furnished inaccurate information to consumer reporting agencies ("CRAs"). (*See* Doc. No. 1-4). But the FCRA "expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s–2(a), initially provide complete and accurate consumer information to a CRA." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (citing 15 U.S.C. § 1681s-2(c)). Therefore, Green fails to state a plausible claim against Defendant for allegedly furnishing inaccurate information.

Further, while the FCRA does provide consumers with a private cause of action against a furnisher allegedly has violated its obligations under § 1681s-2(b), Green "bears the burden to show that a furnisher of information was notified by a credit reporting agency of the consumer's disputed debt and that the furnisher failed to comply with its statutory duties to investigate the dispute." *Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing *Boggio*, 696 F.3d at 618). This notification from a CRA triggers the duty to conduct an investigation into the disputed information. 15 U.S.C. § 1681s-2(b)(1). Green has not alleged Defendant "receiv[ed] notice [from a CRA] pursuant to section 1681i(a)(2)" and, therefore, he has not plausibly alleged Defendant had a duty to investigate the disputed information.

### V. CONCLUSION

For the reasons stated above, I conclude Green fails to state a plausible claim for relief and grant Defendant's motion to dismiss. (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3